UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:24-cv-00371

———

**Robert Demison, III,**
*Plaintiff,*
v.
**Lance A. Rogers et al.,**
*Defendants.*

———

# ORDER

Plaintiff, a Texas Department of Criminal Justice (TDCJ) inmate proceeding pro se, filed this action under 42 U.S.C. §§ 1981, 1983. Doc. 1 at 1. The case was referred to a magistrate judge (Doc. 4) who issued a report recommending that the court construe plaintiff's "emergency" motion (Doc. 36) as a motion for a preliminary injunction and that the court deny that motion. Doc. 37 at 4. Specifically, the report found that plaintiff failed to demonstrate that he faces a substantial threat of clear and imminent irreparable injury, especially given the conclusory nature of his allegations. *Id.* at 3–4. Plaintiff filed written objections. Doc. 40.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Plaintiff's objections identify no error in the report. Plaintiff now claims that he will suffer imminent injury through "group risk TDCJ administration adverse actions" and that the TDCJ officials are allegedly "refusing to pass out legal mail." Doc. 40 at 1; *but see* Doc. 42 (plaintiff acknowledging receipt of Doc. 37). Plaintiff further contends that "defendants have by group risk . . . directly participated in retaliation by refusing to issue any relief by the defendants [which] the plaintiff has not received or heard by the defendant or the 'R.P.C.'" *Id.* at 2. Finally, plaintiff states that his "injury [sic] due to religious deprogramming is irreparable and the threat is

constant & imminent and the defendants refuse to pay the relief." *Id*. at 3.

These objections are conclusory, incomprehensible, and present no evidence of a substantial threat of clear and imminent irreparable injury. Conclusory allegations are insufficient to merit injunctive relief. *See Neal v. Fed. Bureau of Prisons*, 76 F. App'x 543, 545 (5th Cir. 2003) (unpublished) (finding plaintiff's conclusory allegations failed to establish a substantial threat of irreparable injury).

Having reviewed the report and finding no error, the court accepts its findings and recommendations. Plaintiff's objections are overruled. Plaintiff's "emergency" motion (Doc. 36), construed as a motion for a preliminary injunction, is denied.

*So ordered by the court on October 30, 2025.*

J. CAMPBELL BARKER
United States District Judge